IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| DALE RICHARDSON, | Cause No. CV-21-58-H-SEH |
| Petitioner, | |
| vs. | ORDER |
| MERRICK GARLAND, ATTORNEY GENERAL OF THE UNITED STATES; OFFICER BRAIN SCOTT; OFFICER BRIAN BEISEMEYER, | |
| Respondents. | |

Plaintiff Dale Richardson ("Richardson"), appearing pro se, filed a proposed

Complaint on August 3, 2021.[1] The mandatory filing fee was not paid and no

Motion for Leave to Proceed in Forma Pauperis was filed.

## I.    Background

The Complaint is captioned for the District of Montana. The text appears to

be identical to a document previously filed in the District of Colorado.[2]

Jurisdiction under 18 U.S.C. § 3771; Arts. 1, 2, 3, 12, and 13 of the United Nations

Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or

Punishment; Art. III, Sec. 3, Clause 1 of the United States Constitution;

---

[1] Doc. 1.
[2] *Compare* Doc. 1 at 1, *with* Doc. 1 at 2.

Amendments IV, V, and VIII of the United States Constitution, and the Declaration of Independence is alleged.[3]

Richardson is a Canadian citizen/immigration detainee currently held by Immigration Control and Enforcement ("ICE") at the Aurora, Colorado ICE Processing Center.[4]  He alleges, inter alia, he is being subjected to mental pain and suffering; ICE officers have obstructed justice by denying him materials for court;[5] that he seeks relief for his daughter who, he asserts, is being tortured because of his political opinions;[6] and that he is being prevented from reporting treason and the mismanagement of the COVID-19 emergency.[7]

Richardson previously petitioned the United States Court of Appeals for the Tenth Circuit for a writ of mandamus, which was denied On July 20, 2021.[8]  He then petitioned the United States Supreme Court for a writ of certiorari which was rejected.[9]

The Complaint alleges vast conspiracy against him, in which the United States District Court of Colorado, the Tenth Circuit, the Immigration Judge, ICE officers, the Federal Court of Canada, and the United States Supreme Court are

---

[3] Doc. 1 at 2.
[4] Doc. 1 at 2.
[5] Doc. 1 at 2.
[6] Doc. 1 at 2.
[7] Doc. 1 at 3.
[8] Doc. 1 at 3; *see also In re: Dale J. Richardson*, Cause No. CV-21-1239, Or. (10th Cir. July 20, 2021).
[9] Doc. 1 at 3–4.

involved.[10]  Richardson also alludes to the possibility that he will be murdered

when he returns to Canada.[11]  He claims Defendants Brian Scott ("Scott") and

Brian Beisemeyer ("Beisemeyer") are the two officers responsible for torturing

him to obtain an incriminating, albeit falsified, statement.[12]

Richardson asks this Court to release him from ICE custody on his own

recognizance; order the Attorney General to authorize an investigation into the

alleged treason, torture, and obstruction of justice; and enter an order restraining

any ICE agent until a determination concerning the investigation of Richardson's

claims is complete.[13]

## II.    Failure to Pay Filing Fee or Request IFP Status

Richardson has failed to pay the required filing fee or file a proper Motion to

Proceed IFP.  Immediate dismissal under to 28 U.S.C. §1914(a) is warranted.[14]

## III.    Discussion

The Court will construe the Complaint liberally.[15]  Existing pleading

deficiencies, however, cannot "'be cured by the allegation of other facts.'"[16]

---

[10] Doc. 1 at 5–8; 12–15.
[11] Doc. 1 at 8.
[12] Doc. 1 at 8–9.
[13] Doc. 1 at 15.
[14] *See also Andrews v. Cervantes*, 493 F. 3d 1047, 1051 (9th Cir. 2007).
[15] *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989).
[16] *Lopez v. Smith*, 203 F. 3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F. 3d 494, 497 (9th Cir. 1995)).

Amendment of the Complaint would be futile.  Further proceedings are unwarranted.

### A.    Personal Jurisdiction

An IFP complaint that alleges no set of facts that would support personal jurisdiction may be deemed frivolous and dismissed sua sponte.[17]  Richardson has the burden of establishing that the Court has jurisdiction,[18] but alleges no facts to support exercise of personal jurisdiction over the Defendants.

It is unclear from Richardson's filings who Defendants Scott and Beisemeyer work for and where they reside.  Apart from an alleged interaction at the Sweetgrass-Coutts Border Crossing,[19] all events forming the claimed basis to the action appear to have occurred either in Canada or in Colorado.  Alleged contacts with Montana have not been shown.

No facts that would establish or even suggest any minimal contacts for the Defendants within the forum of Montana have been pleaded.  Minimal contacts are necessary to support this Court's exercise of jurisdiction[20].  Defendants are not alleged to be citizens or residents of Montana.  No constitutional basis upon which

---

[17] *Sanders v. U.S.*, 760 F. 2d 869, 871 (11th Cir. 1985); *see also Martin-Trigona v. Smith*, 712 F. 2d 1421, 1424 (D.C. Cir. 1983).

[18] *Davis v. Am. Family Mut. Ins. Co.*, 861 F. 2d 1159, 1161 (9th Cir. 1988).

[19] It is also unclear which side of the United States/Canadian border this alleged interaction occurred.

[20] *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F. 2d 1280, 1287 (9th Cir. 1977) (citing *Intl. Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945)).

the Court could exercise personal jurisdiction has been pleaded.

**B.     Collateral Estoppel**

Richardson filed an Ex Parte Petition for Writ of Habeas Corpus and an Ex Parte Motion for Relief in the United States District Court of Colorado.[21] The Colorado district court then identified deficiencies in both filings and provided an opportunity to cure. Richardson instead elected to petition the Tenth Circuit for a writ of mandamus[22] in which he argued the district court's orders constituted an unconstitutional suspension of the writ of habeas corpus and that ICE officials were torturing him by depriving him "of proper nutrition and refusing him access to his court materials and evidence of federal crimes to prevent him from further conducting further litigation against them."[23]  The Tenth Circuit held that Richardson had failed to satisfy the conditions for a writ of mandamus and denied his request.[24]

Richardson attempts to raise claims before this Court essentially identical to those previously presented in the Colorado district court and the Tenth Circuit.  All such claims are barred by the doctrine of collateral estoppel.[25]

---

[21] *See In re: Dale J. Richardson*, Cause No. CV-21-1239, Or. at 1 (10th Cir. July 20, 2021).

[22] *In re: Dale J. Richardson*, Cause No. CV-21-1239, Or. at 1 (10th Cir. July 20, 2021).

[23] *In re: Dale J. Richardson*, Cause No. CV-21-1239, Or. at 1 (10th Cir. July 20, 2021) (citing Richardson's petition).

[24] *In re: Dale J. Richardson*, Cause No. CV-21-1239, Or. at 2 (10th Cir. July 20, 2021).

[25] *Allen v. McCurry*, 449 U.S. 90, 94 (1980) (holding that "once a court has decided an issue of fact of law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case.").

**ORDERED:**

1.      The matter is DISMISSED for failure to pay the civil filing fee required by 28 U.S.C. § 1914(a).

2.      The Clerk of Court shall remove the word "LODGED" from the Complaint's docket entry.[26] The Complaint is deemed filed on August 3, 2021.

3.      The Clerk of Court is directed to close the file and enter judgment under Fed. R. Civ. P. 58.

4.      The docket shall reflect that the Court certifies under Fed. R. App. P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith.

5.      The Clerk of Court is directed to return to Richardson the materials that accompanied the Complaint.

DATED this _7th_ day of September, 2021.

Sam E. Haddon
United States District Judge

---

[26] Doc. 1.